UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05398-AYP Date: October 15, 2026

Title Adan Galvez Hernandez v. Warden of Adelanto ICE Processing Center et al

Present: The Honorable: ANNA Y. PARK, UNITED STATES MAGISTRATE JUDGE

| M. Pogosyan | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings: (In Chambers) ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On September 14, 2026, Adan Galvez Hernandez (A#246-062-201) ("Petitioner"), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility and proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1 ("Petition")) and an ex parte Application for Temporary Restraining Order (Dkt. No. 2 ("TRO")). Petitioner seeks his immediate release on the grounds that ICE violated his constitutional procedural due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On September 14, 2026, Petitioner consented to proceed before Magistrate Judge, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b). (Dkt. No. 3.) On September 16, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. (Dkt. No. 7 ("General Order 26-05").) This expedited briefing schedule is designed to "provide prompt resolution to habeas petitions" and minimize the necessity of motions for injunctive relief. (General Order 26-05 at 1, 3.) The General Order also requires Respondents to file a notice of withdrawal of consent within 24 hours of service if an application for a temporary restraining order accompanies the petition. (General Order 26-05 at 2.) To date, Respondents have not filed a timely withdrawal of consent, an answer or otherwise communicated with the Court. On September 22, 2026, the Court denied Petitioners TRO. (Dkt. No. 10.) In light of the absence of an Answer, the Court deems the Petition unopposed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05398-AYP Date: October 13, 2026

Title Adan Galvez Hernandez v. Warden of Adelanto ICE Processing Center et al

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his current detention.

Petitioner, a noncitizen, entered the United States in 2019. (Pet. at 7.) ICE determined that he was not a danger or flight risk and Petitioner has lived outside of immigration custody since August 19, 2019. *Id*. Petitioner argues that ICE had no valid reason to revoke his parole and detain him. *Id*. He has lived freely in the U.S. for seven years and argues ICE did not make note of any changed circumstance. *Id*. Further, Petitioner argues that ICE did not provide any written notice of a specific reason why he was detained, nor provide him with an opportunity to contest the reasons for detention. *Id*.

Petitioner has a protected due process interest in being released, as he has lived in this country for about seven years and was released by ICE on parole. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

What process was due is assessed under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation under the procedures used and the probable value of additional safeguards, and (3) the Government's interest, including the burdens of added process. The test is flexible and must account for the heightened governmental interest in the immigration detention context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release and poses no apparent risk of flight or danger to the community. Considering the record before the Court and Respondents' non-opposition, Petitioner has sufficiently alleged a procedural due process claim because the *Mathews* factors all favor Petitioner. Thus, the Court concludes Petitioner has made a showing that he is entitled to relief on his procedural due process claim, and immediate release is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05398-AYP Date: October 13, 2026

Title Adan Galvez Hernandez v. Warden of Adelanto ICE Processing Center et al

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Adan Galvez Hernandez (A#246-062-201) from immigration custody immediately. The request for appointment of counsel is DENIED AS MOOT. (Dkt. No. 4.)

Respondents shall return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a “Notice of Release” within three days of the entry of this Order. The Notice shall include confirmation of the return of the above-named belongings.

Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

**IT IS SO ORDERED.**

:

**Initials of Preparer** mp